IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEORA MARIE JORGENSEN,

                        Plaintiff,

    v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.

OPINION AND ORDER

19-cv-600-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Leora Marie Jorgensen seeks review of a final decision denying her claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge hearing her claim found that she had several severe impairments (degenerative disk disease, obesity, affective disorder and anxiety disorders), but could still perform work in the national economy. Plaintiff raises one issue only, saying that the administrative law judge erred in assessing her moderate limitations in concentration, persistence and pace because he failed to convert his findings into specific elements of her residual functional capacity. For the reasons set out below, I do not find plaintiff's argument persuasive. Accordingly, I will affirm the commissioner's decision.

      The following facts are drawn from the administrative record (AR).

1

BACKGROUND

Plaintiff Leora Marie Jorgensen was born in October 1976.  She was 39 in December 2, 2015, when she filed a Title II application for a period of disability and a Title XVI application for supplemental security income.  She alleged that her disability had begun in June 2013.  After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge, which was held on August 22, 2018.  On September 17, 2018, the administrative law judge issued a written opinion, finding plaintiff not disabled.

The administrative law judge followed the five-step sequential evaluation of disability set out in the regulations.  20 C.F.R. § 416.920.  At step one, he found that plaintiff had not engaged in substantial gainful activity.  At step two, he determined that plaintiff had medically determinable impairments that were severe within the meaning of the regulations because they significantly limited plaintiff's ability to perform basic work activity: degenerative disc disease, obesity, affective disorder and anxiety disorder.  At step three, he found that none of these impairments or combination of impairments were sufficiently severe to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  He acknowledged that plaintiff was obese, with a body mass index that ranged between 55 and 66, but that there was no longer a listing for obesity by itself and no indication that her obesity rose to listing level severity alone or in combination with any other impairment.  He considered whether she had any musculoskeletal, respiratory or cardiovascular impairments under Listings 1.00Q, 3.00I or 4.00F, but saw no indication

2

that she did.

Reviewing plaintiff's mental impairments, the administrative law judge found that she did not have at least one or two extreme limitations in mental functioning that would meet listing level severity. Rather, she had only a mild limitation in understanding, remembering or applying information, with adapting or managing herself, with activities of daily living and with responding appropriately to changes in the work place. AR 166. She had moderate limitations in interacting with others and in concentrating, persisting and maintaining pace. Id. Although plaintiff mentioned specifically that she had trouble concentrating and completing tasks, she also said that her hobbies included reading books and doing puzzles. Id.

Because plaintiff's mental impairments did not include at least two "marked" limitations or one extreme limitation, the administrative law judge found that the paragraph B criteria were not satisfied. He found also that the paragraph C criteria were not satisfied because plaintiff's impairments had not been shown to be serious and consistent. AR 167.

At step four, the administrative law judge found that plaintiff did not have the residual functional capacity to perform the requirements of her past relevant work. At step five, he found that plaintiff could perform sedentary work, as defined in 20 C.F.R. § 404.1567 and §416.067(a), with certain adjustments: a sit/stand option, defined as the allowance to sit or stand at will provided she is not off task more than 10% of the workday, and engage in occasional overhead reaching with her right arm. Id. Transferability of job skills was irrelevant because plaintiff's past relevant work had been unskilled. He found that

3

plaintiff would be able to understand simple instructions in a low stress job; that is, one with only occasional decision making or changes in the work setting, and that she could not interact with the public and could have only occasional interaction with coworkers.

At plaintiff's hearing, the administrative law judge asked the vocational expert whether jobs existed in the national economy for a person of plaintiff's age, education, work experience and residual functional capacity. The expert said there were and he identified "representative occupations," such as document preparer (of which 30,000 jobs existed), addresser (of which 25,000 jobs existed) and final assembler (of which 50,000 jobs existed).

The administrative law judge concluded that plaintiff was unable to perform any past relevant work, but would be able to perform the requirements of representative occupations such as those identified by the vocational expert. AR 172. He took into account plaintiff's reports that she had anxiety in crowds and in withstanding stressors, did not want any interaction with the public and wanted only low-stress work, but concluded that these limitations did not rule out all work. Plaintiff could still perform the kinds of work the vocational expert had identified. Accordingly, the administrative law judge found plaintiff not disabled.

## OPINION

Plaintiff raises only one issue, which is that the administrative law judge failed to accommodate her moderate limitations in the functional area of concentration, persistence and pace. Specifically, she says that he erred in two respects: (1) he did not evaluate and

address the step three findings and convert them into specific elements of residual functional capacity, and (2) he "failed to adequately encapsulate the state agency psychologists' findings into the hypothetical question." Plt.'s Br., dkt. #10, at 12.

In fact, the administrative law judge did what he was required to do. He discussed the opinions of state agency examiners Drs. Pape and Fiore, who had found independently of each other that plaintiff had only moderate limitations in concentrating, persisting or maintaining pace. AR 248-51 (Pape); AR 276-78 (Fiore). Psychologist Deborah Pape explained in her March 2016 Medical Residual Functional Capacity Assessment that plaintiff had moderate limitations in understanding, remembering and carrying out detailed instructions; interacting appropriately with the public; accepting instructions and responding appropriately to criticism from supervisors and to changes in the work setting. AR 249-50. Dr. Pape expanded on these findings where appropriate. For example, she explained that although plaintiff's ability to understand, remember and carry out detailed instructions would be moderately limited by her history of depression and anxiety, she "had no cognitive issues." AR 249. In addition, Dr. Pape found that plaintiff had no significant limitations in carrying out very short and simple instructions, in sustaining an ordinary routine without special supervision, in working in coordination with or in proximity to others without being distracted by them or in making simple, work-related decisions. Plaintiff was moderately limited in other areas, such as maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and

length of rest periods.

In a report submitted six months later at the reconsideration level, Dr. Stacey Fiore, Psy.D., found that plaintiff had medically determinable impairments that did not meet the requirements of listings 12.04 (affective disorder) or 12.06 (anxiety-related disorder) for the paragraph "B" or "C" criteria of the analysis. AR 278. The doctor added that plaintiff attended therapy for psychiatric problems infrequently, took psychotropic medicines, had intact cognition, memory and concentration, but had continuing depression and anxiety. In the doctor's opinion, the evidence did not support finding of severe limitation of attention. Id.

As Dr. Pape had, Dr. Fiore completed an extensive Mental Residual Functional Capacity Assessment, finding that plaintiff had limitations of understanding and memory, but was not significantly limited in remembering locations and work-like procedures and was only moderately limited in carrying out detailed instructions. Plaintiff would have moderate limitations in maintaining attention and concentration for extended periods of time, in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances and sustaining an ordinary routine without special supervision. However, she could understand and remember both simple and moderately detailed instructions, deal with the public on an occasional basis, adapt to minor changes in routine and sustain the minimum social demands of simple task settings, including relating adequately to coworkers and supervisors. In addition, she had no limitation in her ability to sustain attention and concentration for extended periods, in performing activities within

a schedule and sustain an ordinary routine without special supervision. AR was 282-84.

Dr. Fiore agreed with Dr. Pape that plaintiff did not meet the "B" or "C" criteria, that her cognition, memory, attention and concentration were intact. Dr. Fiore also found that plaintiff's still suffered from depression and anxiety, but that the evidence did not support severe attention limitations. AR 294. In addition, plaintiff could

> sustain attention for simple and moderately detailed tasks for extended periods of two hour segments over the course of a routine workday/workweek within acceptable attention, concentration, persistence and pace tolerances.

AR 299.

In sum, the two doctors translated plaintiff's limitations into a determination of plaintiff's residual functional capacity. The administrative law judge made additional adjustments to the working requirements, limiting plaintiff to no piece work or any fast-moving, assembly-line work, AR 167, to only occasional interaction with coworkers, AR 168, to jobs with no public interaction, AR 171, and to low stress jobs, that is, jobs that require only occasional decision making and only occasional changes in the work setting. AR 167. These adaptations were tailored to plaintiff's mental impairments and associated limitations, as plaintiff contends they must be. Jozefyk v. Berryhill, 923 F.3d 492, 497-98 (7th Cir. 2019)(finding that residual functional capacity limiting claimant to simple, routine, repetitive tasks with additional social limitations, which was supported in part by the state agency psychologists' opinions, adequately accounted for claimant's mental impairments). See also Burmester v. Berryhill, 920 F.3d 507, 511 (7th Cir. 2019) ("[A]n ALJ may reasonably rely on the opinion of a medical expert who translates [moderate limitations] into

an RFC determination."); Johansen v. Barnhart, 314 F.3d 283, 289 (7th Cir. 2002) ("All that is required is that the hypothetical question [to the vocational expert] be supported by the medical evidence in the record.")

Plaintiff has argued at length that the administrative law judge failed to "appropriately encapsulate [the state agency psychologists' specific findings] regarding plaintiff's limitations into the hypothetical question," Plt.'s Br., dkt. #10, at 10, but she has not shown this to be true. A review of the record establishes that the administrative law judge accommodated plaintiff's moderate limitations in concentration, persistence and pace, even setting out a more restrictive residual functional capacity finding that any of plaintiff's doctors had suggested. He also gave careful consideration to the state agency psychologists' opinions of the work that plaintiff could perform and added restrictions that they had not suggested. The court will uphold even "generic [] limitations so long as they 'adequately account for the claimant's demonstrated psychological symptoms'" found in the record. Jozefyk, 923 F.3d at 498.

The administrative law judge did not err in relying on the opinions of the two agency psychologists who set out their findings and explained how plaintiff's moderate limitations in concentration, persistence and pace were consistent with the residual functional capacity finding that the administrative law judge assessed. Although plaintiff contends that there are inconsistencies between the observations made by the psychologists and their eventual opinions, the record does not support her contention. It was not inconsistent for them to assess moderate limitations for plaintiff and at the same time determine that she could

perform unskilled work, understand and remember simple instructions and adapt to minor changes in routine. Finally, it was not necessary for the administrative law judge to provide a definition for the term, "fast-paced production," because the law does not require one. Cihlar v. Berryhill, 706 F. App'x 881, 882 (7th Cir. 2017) (administrative law judge's reference to "no production or pace rate work" adequately reflected plaintiff's moderate limitations in concentration, persistence and pace).

Therefore, I conclude that the administrative law judge's discussion of plaintiff's mental limitations was adequate to support the decision that plaintiff is not disabled. Accordingly, I will affirm the commissioner's decision denying benefits.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Leora Marie Jorgensen's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 1st day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge